UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Rodney Webb, #098339,

    Petitioner,

v.

South Carolina Department of
Probation, Parole and Pardon Services;
Samuel Glover, Director; and Henry
McMaster, Attorney General for South
Carolina,

    Respondents.

C/A No. 9:05-1190-GRA-GCK

ORDER

[Written Opinion]

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C and filed May 2, 2005. Petitioner brings this suit pursuant to 28 U.S.C. § 2254. The magistrate recommends that the case be dismissed because petitioner has yet to exhaust his state remedies.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court

1

may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  Petitioner has not filed objections to the Report and Recommendation.

Pursuant to *Anderson v. XYZ Correctional Health Services, et. al*, 2005 WL 1154156 (4th Cir. 2005),[1] the petitioner was notified by Order of the Court filed May 31, 2005 that this § 2254 petition would be dismissed due to petitioner's failure to exhaust state remedies unless he responded to the Court within fifteen (15) days of that Order that he had exhausted all state remedies.[2]

IT IS THEREFORE ORDERED that this action is DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June 28, 2005.

---

[1] The United States Court of Appeals for the Fourth Circuit recently held that, while a court may raise the issue of a petitioner's failure to exhaust state remedies *sua sponte*, the petitioner must be given an opportunity to respond on that issue.  *Anderson v. XYZ Correctional Health Services, et.al.*, 2005 WL 1154156 (4th Cir. May 17, 2005).

[2] In order for a federal court to adjudicate a petition for writ of habeas corpus, an inmate must first exhaust all "state court remedies".  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.")  A denial by the Parole Board should be appealed to the South Carolina Administrative Law Judicial Division.  Any adverse decision by the SCALJD should be appealed to the state circuit court and then to the state's highest court having jurisdiction over the matter.  At that point, if the inmate has still not received a favorable determination, he may appeal the matter to the United States District Court.